Johnson, .T.
delivered the opinion of the Court.
The result of this cause in the Circuit Court is in conformity with the opinion of this Court as to the law of the case. Differing, however, in some degree, as to the legal effect of the deed, by which the plaintiff undertook to convey to the defendant the right of the patentee, Overman, to the invention for sawing circular timber, it is thought necessary to express it in our concurrence.
This deed, after reciting that letters patent had been granted by the United States to Overman for this invention, proceeds: “ Know all men by these presents, that I, Samuel Pryor, attorney for Benjamin Overman, of &c.” “ m consideration of the sum of $200, to me in hand paid by Jedcdjah Coulter, have *520 granted, sold, and conveyed, &<•.” “unto the said Jedediafe Qouiter> jjjs heirs, &e.” “ the full and exclusive right and liberty making,, constructing, using, and vending to others to be used, the said improvement within and throughout the State of Geor- • • gia, except fourteen counties.” And it further authorized the defendant to sue any one, who shall use, or vend it, within those limits, This deed is signed and sealed by the plaintiff in his own name, without using the name of Overman in any manner; but was notwithstanding, according to the views of the Circuit Court, binding on Overman as the principal.
There is nothing in the terms of this deed, or apy of the covenants in it, which professes to impose any obligation on Over-man. It is the undertaking of the plaintiff alone. It is “ I, Samuel Pryor,” who undertakes to convey the right to make, use, and vend; and “ I, Samuel Pryor,” who authorizes the defendant to sue for a violation of the patent: and the recital that he was the attorney of Overman is, in a legal point of view, inoperative, and unmeaning.
If we suppose, however, that under the powers which the plaintiff derived from Overman, he might lawfully bind him, and that the covenants in this deed were intended to have that effect, still he is not bound, as the deed was not executed in his name, but m that of the plaintiff. The rule on this subject is very clear. If the agent deal in his own name, be, and not his principal, is bound. To charge the principal, the agent must deal in his name. In White v. Cuyler, 6 T. R. 176, Lord Kenyon said, that “ in executing a deed for the principal, under a power of attorney, the proper way is to sign the name of the principal.” In Wilks v. Back, 2 East. 142, it became a question, whether the execution of a bond by an attorney, in this form : “ For Janies Brown, Mathias Wilks, (n. s.)” bound the principal; and Lawrence, J. remarked, that it was enough that it denoted that the sealing and delivery were for James Brown. No particular form of words was necessary, provided the act was done in the name of the principal; and so is the whole current of authorities.
The conclusion, to which the Court has come on this point,' does not, however, militate against the rights of the plaintiff, nor remove the liability of the defendant. The contracts between these parlies were independent. On the part of the *521 plaintiff, that he was authorized to convey to the defendant, Ovemiau’s interest in the patent; on the part of the defendant, that he would pay to the plaintiff the sum of money contained in the note: and we concur with the presiding Judge, that it was' incumbent on the defendant to shew, by way of defence, that the plaintiff had Violated some covenant contained in his deed, which gave him a right of action ; or that he had not the interest in the thing, which he pretended to convey, as shewing a want of consideration. In this he has clearly failed. He has not been disturbed in the enjoyment of any of the rights intended to be conveyed. If he alleges a want of consideration, he was bound to shew it; and in this he,has failed. Overman has himself affirmed the act of the plaintiff, and it will be presumed, that it was executed according to the authority.
In relation to the counties reserved, I will only further remark, that until they are designated by the plaintiff, they are tenants in common, so to express it, of the whole State, in the proportion of fourteen counties to the whole State; and until that is done the defendant may make, use, or vend the invention in any of them* He has therefore suffered no injury in that respects
Colcock, J. and Evans, J. concurred.
Motion refused.